UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DOYLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM GONZALES; DAN W. DOPPS; SCOTT D. JONES; and the CITY OF QUINCY, WASHINGTON,<br><br>　　　　Defendants. | NO. CV-10-0030-EFS<br><br>**ORDER HOLDING MOTIONS IN ABEYANCE, SETTING RESPONSE AND REPLY BRIEFING DEADLINES, AND CAUTIONING MR. DOYLE AND COUNSEL** |
| AARON DOYLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF QUINCY, a Washington municipal corporation; QUINCY POLICE OFFICERS' ASSOCIATION; RICHARD ACKERMAN in his official capacity as QUINCY POLICE CHIEF, and LESLIE ACKERMAN, as a marital community; TIM SNEAD in his official capacity as QUINCY CITY ADMINISTRATOR; GENE FRETHEIM, in his official capacity as QUINCY POLICE CAPTAIN, and NANCY FRETHEIM, as a marital community; ALLAN GALBRAITH in his official capacity as the QUINCY CITY ATTORNEY and JANE DOE GALBRAITH as a marital community,<br><br>　　　　Defendants. | NO. CV-11-0307-EFS |

ORDER ~ 1

A hearing occurred in the above-captioned matters on August 7, 2012. Plaintiff Aaron Doyle participated, as did Plaintiff's counsel of record Garth Dano, William Gilbert, Paul Lindemunth, and Christina Sherman. Philip Talmadge appeared on behalf of Dano ♦ Gilbert, P.S. Jerry Moberg appeared on behalf of Defendants William Gonzales, Dan W. Dopps, Scott D. Jones, and the City of Quincy in CV-10-30-EFS. In CV-11-307-EFS, Defendant Quincy Police Officers Association (QPOA) was represented by Patrick McMahon, while the remaining Quincy Defendants were represented by Robert Christie.

At the hearing, Mr. Doyle advised that he contests 1) whether his counsel had the authority to present the settlement agreement, which he had signed, to defense counsel for consideration, and 2) whether the terms of the settlement agreement, if enforceable, have been satisfied by Defendants. Accordingly, it is Mr. Doyle's position that these two lawsuits have not been settled and should not be dismissed based on the filed stipulated dismissals.

After hearing from counsel and Mr. Doyle, the Court was concerned that the parties and counsel have not had an adequate opportunity to consider and present to the Court their respective positions regarding the contested attorney-client relationships, and the validity and enforceability of the settlement agreement, including whether this Court, rather than the identified arbitrators should consider the contested issues regarding the settlement agreement. Accordingly, the Court grants Mr. Doyle fourteen days to file a response to the pending motions: 1) Plaintiff's counsel's motions to withdraw and stay, CV-10-30-EFS, ECF No.

ORDER ~ 2

619,[1] and CV-11-307-EFS, ECF Nos. 29 & 31; 2) Dano ♦ Gilbert's Motion to Supplement the Record Regarding Motion for Withdrawal and Stay, CV-10-30-EFS, ECF No. 629, and CV-11-307-EFS, ECF No. 50; 3) QPOA's motion to dismiss QPOA, CV-11-307-EFS, ECF No. 36; and 4) the Stipulated Motion for an Order of Dismissal of All Parties Except QPOA, CV-11-307-EFS, ECF No. 44. Replies shall be filed no later than August 29, 2012. After reviewing the filings, the Court will determine whether a hearing must be set to resolve the pending motions.

Assertions of fact in a memorandum must be supported by evidence, such as through an exhibit, affidavit, or declaration. Absent supporting evidence, an assertion of fact in a memorandum is merely argument.

The Court repeats its oral caution at the hearing that any discussion of the inadequacy of Plaintiff's counsel's representation may result in the waiver of the attorney-client privilege. *See* Wash. RPC 1.6(b)(5) (allowing a lawyer to reveal attorney-client privileged information to "establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client"). In addition, counsel are to be aware of RPC 3.7's limitation regarding whether a lawyer may act as a witness.

---

[1] The motion to withdraw and stay in CV-10-30-EFS, ECF No. 619, was previously denied as moot because the Court granted the Stipulated Motion for Order of Dismissal. ECF No. 628. Given the contested status of this lawsuit, the Court directs the Clerk's Office to revive this termed motion.

ORDER ~ 3

Lastly, given the contested status of these lawsuits, Plaintiff's counsel are to ensure that the funds distributed pursuant to the settlement agreement remain in a trust account.

Accordingly, for the reasons given at the hearing and supplemented above, **IT IS HEREBY ORDERED**:

1. The Clerk's Office is directed to **REVIVE** Plaintiff's counsel's Motion for Withdrawal and Stay, **ECF No. 619**, in CV-10-30-EFS as a pending motion.

2. No later than **August 22, 2012**, Mr. Doyle shall file his responses to the pending motions: 1) Plaintiff's counsel's motions to withdraw and stay, CV-10-30-EFS, ECF No. 619, and CV-11-307-EFS, ECF Nos. 29 & 31; 2) Dano ♦ Gilbert's Motion to Supplement the Record Regarding Motion for Withdrawal and Stay, CV-10-30-EFS, ECF No. 629, and CV-11-307-EFS, ECF No. 50; 3) QPOA's motion to dismiss QPOA, CV-11-307-EFS, ECF No. 36; and 4) the Stipulated Motion for an Order of Dismissal of All Parties Except QPOA, CV-11-307-EFS, ECF No. 44.

3. Replies shall be filed no later than **August 29, 2012**.

4. The motions identified in paragraph 2 above are **HELD IN ABEYANCE** pending the Court's review of the filings that are to be made.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to Mr. Doyle and counsel.

**DATED** this ___8th___ day of August 2012.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2011\0307.status.lc1.wpd

ORDER ~ 4